**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jennifer Droesch,<br><br>                    Plaintiff,<br>      v.<br><br>Richard J Boudreau & Associates LLC; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jennifer Droesch, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jennifer Droesch ("Plaintiff"), is an adult individual residing in Hadley, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Richard J Boudreau & Associates LLC ("RJB & Associates"), is a New Hampshire business entity with an address of 5 Industrial Way, Salem, New Hampshire 03079, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by RJB & Associates and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RJB & Associates at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the amount of $1,900.00 (the "Debt") to Discover (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RJB & Associates for collection, or RJB & Associates was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RJB & Associates Engages in Harassment and Abusive Tactics

12. The Defendants called the Plaintiff's house and cellular phone lines up to three (3) times a day with the intent to annoy and harass.

13. The Defendants also called the Plaintiff on the weekends.

14. The Defendants threatened to file a lawsuit against the Plaintiff if she did not pay the Debt.

15. The Defendants threatened to ruin the Plaintiff's credit rating if she did not pay the Debt.

16. The Defendants failed to send the Plaintiff a validation letter explaining the Plaintiff's right to dispute the Debt within five (5) days after the initial contact with the Plaintiff.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22.  The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

23.  The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

24.  The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

25.  The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

26.  The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

27.  The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

28.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.  The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 25, 2011

                Respectfully submitted,

                By  /s/ Sergei Lemberg

                Sergei Lemberg (BBO# 650671)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (888) 953-6237
                Attorneys for Plaintiff